IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WALLACE LANE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-138 |
| | ) | |
| LINTON DELOACH, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Rogers State Prison in Reidsville, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

## I.    BACKGROUND

Petitioner states he was convicted on February 13, 2018, of possession of a firearm by a convicted felon following a jury trial in Jefferson County Superior Court and received a five-year sentence.[2]  (Doc. no. 4, pp. 1-2.)  Petitioner states he did not seek further review of his conviction by a higher court, file a petition for certiorari in the United States Supreme Court, or file any other petitions, applications, or motions concerning this judgment of

_____

[1]Linton Deloach is the warden of Rogers State Prison, where Petitioner is incarcerated.  See www.dcor.state.ga.us (follow "About GDC," "Divisions," and "Facilities" hyperlinks; then search "Rogers State Prison").  Because the proper Respondent is the state officer who has custody of Petitioner, the Court **DIRECTS** the Clerk to update the docket to reflect Linton Deloach as Respondent.  See Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2]Petitioner also states he pleaded guilty to the charge.  (Doc. no. 4, p. 1.)  However, this assertion is inconsistent with his grounds for relief, as described below.

conviction in any state court.  (Id. at 2-3.)  Petitioner signed the instant federal petition on

October 4, 2018, claiming:  (1) the government suppressed the original recording of an

interview which would show Petitioner was not read his rights; (2) Petitioner's lawyer

advised him to testify and, as a result, Petitioner incriminated himself; (3) trial counsel

rendered ineffective assistance of counsel by (i) failing to obtain a handwriting analysis, (ii)

attempting to force Petitioner to accept a plea offer, (iii) failing to make the state play the

original recording of the interview, and (iv) telling Petitioner he was guilty before the trial

started; (4) an unnamed police officer tampered with evidence by altering the audio

recording of the interview and forging Petitioner's signature on a document; and (5) one of

the jurors knew Petitioner and hated him because his cousin killed her cousin.  (Id. at 5-10,

15-16.)

## II.    DISCUSSION

### A.    The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and

in accordance with the traditional exhaustion requirement, an application for a writ of habeas

corpus shall not be granted unless it appears that the petitioner has exhausted the remedies

available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An

applicant shall not be deemed to have exhausted the remedies available in the courts of the

State . . . if he has the right under the law of the State to raise, by *any* available procedure, the

question presented."  Id. § 2254(c) (emphasis added).  A state inmate is deemed to have

exhausted his state judicial remedies when he has given the state courts, or they have

otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v.

2

Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all his available state remedies."  Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow

3

the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims.

Rhines v. Weber, 544 U.S. 269, 275-77 (2005).  However, the stay and abeyance procedure

should only be used in limited circumstances when a court determines there was good cause

for the petitioner's failure to exhaust his claims first in state court.  Id. at 277.  Petitioner has

not presented any exhausted claims in the present petition, and therefore, the stay and

abeyance procedure is inapplicable.

### B.    Petitioner Failed to Exhaust State Remedies.

Petitioner does not allege he has invoked any state court remedies.  To the contrary, as

explained above, the amended federal petition does not describe any efforts to pursue a direct

appeal or state habeas corpus relief.  (See doc. no. 4, pp. 2-3.)  Nothing in Petitioner's filing

suggests he has been prevented from asserting his current claims in a state court proceeding.

Because Petitioner has not exhausted available state court remedies, his amended federal

habeas corpus petition should be dismissed without prejudice so that he can first give the state

courts an opportunity to address his claims.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the

amended petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of October, 2018, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4